SHEPHERD,
concurring in part and concurring in the judgment.
I concur in section 11(B) of the majority’s opinion, and I concur in the result which affirms the district court’s denial of Murley’s request for a new trial made based on the adverse inference instruction argument. I write separately, however, to emphasize that I do not join in the majority’s decision in section 11(A) that, until today, a district court has not been required to make “explicit” findings of bad faith and prejudice prior to issuing an adverse inference instruction. As I read the cases, the requirement that the district court make such findings is already well established. I concur in the judgment, however, because I believe any error in this case was harmless in light of the evidence of bad faith and prejudice.
The majority has determined that our prior cases did not require an “explicit” finding of bad faith and prejudice before issuance of the adverse inference instruction, and thus we can infer that the finding was made by the fact that the instruction was issued. I disagree with this charac *464 terization of our prior cases. Clearly, our prior cases have required that a finding of bad faith and prejudice be made before issuing the instruction. See Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1006 (8th Cir.2006) (“[A] finding of bad faith is necessary before giving an adverse inference instruction at trial against a plaintiff for the destruction of evidence.”); Morris v. Union Pac. R.R., 373 F.3d 896, 901 (8th Cir.2004) (“[A] finding of intent is required to impose the sanction of an adverse inference instruction.”); Stevenson v. Union Pac. R.R. Co., 354 F.3d 739, 746, 748 (8th Cir.2004) (“[TJhere must be a finding of intentional destruction indicating a desire to suppress the truth[J” “There must be a finding of prejudice to the opposing party[.]”). Thus, I fail to see a reason to impose a “prospective” rule of requiring an “explicit” finding before issuing the adverse inference instruction. To require a district court to make “explicit findings” as opposed to merely making a “finding” seems to be a distinction without a difference. As presently constituted, the rule requiring district courts to make findings of bad faith and prejudice prior to issuing an adverse inference instruction should be understood to mean that the district court must announce findings in a manner to allow for appellate review of its decision.
The district court erred when it failed to make the necessary findings prior to imposing the adverse inference instruction. Despite this error, we may still affirm if the error is harmless. See Ondrisek v. Hoffman, 698 F.3d 1020, 1025 (8th Cir. 2012) (holding that error in jury instruction in a civil case requires reversal only if error affects a party’s substantial rights). I agree with the majority that the error in this case is harmless. Murley’s substantial rights are not affected in light of the overwhelming evidence of her bad faith as demonstrated by her intentional destruction of the computer files and the prejudice suffered by Hallmark in its ability to present this evidence to the jury. Thus, I respectfully concur in the majority’s decision to affirm the denial of a new trial.